**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| Shenzhen Tongmingkai Technology Co., Ltd., Lingshanruihongwangluokejiyouxiangongsi, Yong Shun Xian Zhan Wo Shang Mao You Xian Gong Si, and Jiangsu Yuechuang Project Management Co., Ltd.<br><br>Plaintiffs,<br><br>vs.<br><br>Divevolk (Zhuhai) Intelligence Tech Co., Ltd. and Songdong Liu<br><br>Defendants. | Case No. 2:26-cv-133<br><br>**COMPLAINT FOR DAMAGES AND FOR DECLARATORY JUDGMENT** |

COMES NOW, Plaintiff Shenzhen Tongmingkai Technology Co., Ltd. ("Transy"), Lingshanruihongwangluokejiyouxiangongsi ("Ruihong"), Yong Shun Xian Zhan Wo Shang Mao You Xian Gong Si ("Yong"), and Jiangsu Yuechuang Project Management Co., Ltd ("AlwaysDryGear") (collectively herein, "Plaintiffs") by and through their counsel, seek

COMPLAINT
CASE NO. 2:26-cv-133                            1

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014

declaratory judgment, among other things, against Defendant Divevolk (Zhuhai) Intelligence Tech Co., Ltd. ("Divevolk") and Songdong Liu ("Liu") (collectively herein, "Defendants"), and allege based on the information and belief as follows:

## NATURE OF THE ACTION

1. This is an action seeking relief from Defendants' pattern of abuse of the patent laws by using U.S. Patent Number 10,761,628 B2 (the "'628 Patent") to coerce online marketplaces, like those offered by Amazon Inc. ("Amazon"), to delist online listings and marketplaces from Defendants' lawful competitors. A copy of the '628 Patent is attached hereto as **Exhibit A**.

2. On or about December 25, 2025, Defendant Divevolk executed and submitted an Amazon Patent Evaluation Express ("APEX") agreement and Patent Owner Exhibit, identifying itself as "Divevolk (Zhuhai) Intelligence Tech Co., Ltd." and asserting the '628 Patent. Divevolk identified the Accused Amazon Standard Identification Numbers ("ASIN") of B0FF4XXT4N, B0FFH1456S, B0FS71B682, B0FSJ1SY58, B0FSJL3KML, and B0G1M8T8N2.

3. Amazon then notified Plaintiffs that, to continue selling the Accused ASINs, Plaintiffs must either resolve Defendants' alleged infringement claim directly with Defendants or participate in APEX and advised that, absent resolution or timely participation, Amazon would remove the Accused ASINs and materially identical variants from Amazon.com.

4. Plaintiff Transy made and sold the following products online through its "Transy" branded Amazon Store (Amazon Seller ID No. A22VP3W54RQCXC):

COMPLAINT
CASE NO. 2:26-cv-133                                2

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014

 

5. On or about December 25, 2025, Defendants used the '628 Patent to unlawfully take down Plaintiff Transy's Amazon Marketplace for its products. *See* **Exhibit B** (Amazon Complaint Number 18911865611).

6. In addition to the APEX Notice of the Amazon Complaint, Amazon has removed and/or restricted Plaintiff Transy's listing based on Defendants' alleged infringement, including listings associated with ASINs of B0FF4TDMGS, B0FSQ3SSSMC, and B0FF4RQYPL. Since then, Defendants' misuse of the '628 Patent to disrupt Plaintiff Transy's Amazon sales has caused, and continues to cause, immediate and irreparable harm to Plaintiff Transy.

7. Plaintiff Ruihong made and sold the following products online through its "Ruihong-us" branded Amazon Store (Amazon Seller ID No. A21HB6GTLVJJCD):

COMPLAINT
CASE NO. 2:26-cv-133                                  3

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014

 

8. On or about December 25, 2025, Defendants used the '628 Patent to unlawfully take down Plaintiff Ruihong's Amazon Marketplace for its products. *See* **Exhibit C** (Amazon Complaint Number 18911865611).

9. In addition to the Amazon Patent Evaluation Express ("APEX") Notice of the Amazon Complaint, Amazon has removed and/or restricted Planitiff Ruihong's listing based on Defendants' alleged infringement, including listings associated with Amazon Standard Identification Numbers ("ASINs") B0FSJ1SY58, B0FSJL3KML, B0G1M8T8N2, and B0FFH1456S. Since then, Defendants' misuse of the '628 Patent to disrupt Plaintiff Ruihong's Amazon sales has caused, and continues to cause, immediate and irreparable harm to Plaintiff Ruihong.

10. Plaintiff Yong made and sold the following products online through its "YongShunXianZhanWoShangMaoYouXianGongSi" branded Amazon Store (Amazon Seller ID No. A3HY2E6RZ0960B):

COMPLAINT
CASE NO. 2:26-cv-133                    4

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014



11.     On or about December 25, 2025, Defendants used the '628 Patent to unlawfully take down Plaintiff Yong's Amazon Marketplace for its products. *See* **Exhibit D** (Amazon Complaint Number 18911865611).

12.     In addition to the Amazon Patent Evaluation Express ("APEX") Notice of the Amazon Complaint, Amazon has removed and/or restricted Planitiff Yong's listing based on Defendants' alleged infringement, including listings associated with Amazon Standard Identification Numbers ("ASINs") B0FFH1456S.  Since then, Defendants' misuse of the '628 Patent to disrupt Plaintiff Yong's Amazon sales has caused, and continues to cause, immediate and irreparable harm to Plaintiff Yong.

13.     Plaintiff AlwaysDryGear made and sold the following products online through its "AlwaysDryGear" branded Amazon Store (Amazon Seller ID No. ARYY530XJNERK):

COMPLAINT
CASE NO. 2:26-cv-133

5

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014



14. On or about December 25, 2025, Defendants used the '628 Patent to unlawfully take down Plaintiff AlwaysDryGear's Amazon Marketplace for its products. *See* **Exhibit E** (Amazon Complaint Number 18911865611).

15. In addition to the Amazon Patent Evaluation Express ("APEX") Notice of the Amazon Complaint, Amazon has removed and/or restricted Planitiff AlwaysDryGear's listing based on Defendants' alleged infringement, including listings associated with Amazon Standard Identification Numbers ("ASINs") B0FS71B682. Since then, Defendants' misuse of the '628 Patent to disrupt Plaintiff AlwaysDryGear's Amazon sales has caused, and continues to cause, immediate and irreparable harm to Plaintiff AlwaysDryGear.

16. The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. In order to remain competitive in the United States market, specifically in the folding storage boxes area, each Plaintiff needs its Products (the "Accused Products") listed in the Amazon marketplace to maintain its business by being available for purchase by consumers.

COMPLAINT
CASE NO. 2:26-cv-133                              6

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014

17. The '628 Patent has one independent claim: Claim 1. Claim 1 of Defendants' '628 Patent requires, *inter alia*, "air clearance with uniform thickness" between the sealed chamber interlayer and the touch screen that communicates with a charging/discharging device outside the sealing device. *See* **Exhibit A**.

18. Despite the contention to the contrary, Plaintiffs' Accused Products do not include such an air-clearance structure and do not require, include, or communicate with any charging/discharging device during operation.

19. In contrast to the claims of the '628 Patent, each of Plaintiffs' touch screens of the electronic device is in close contact with the sealed chamber interlayer. These differences are so substantial and substantive that the Accused Products would not fall within the scope of Claim 1 of the '628 Patent.

## THE PARTIES

20. Plaintiff Transy is a limited company organized under the laws of China with its principal place of business at Room 602, Building 3, Longbang High-tech Industrial Park, No. 375 Kejie 2nd Road, Shutianpu Community, Matian Subdistrict, Guangming District, Shenzhen City, Guangdong Province, China.

21. Plaintiff Ruihong is a limited company organized under the laws of China with its principal place of business at Room 1702, 17th Floor, Building 5, Taihe Kaixuan Plaza, No. 2078 Lixiang Boulevard, Sanhai Subdistrict, Lingshan County, Qingzhou City, Guangxi Zhuang Autonomous Region 535499, China.

22. Plaintiff Yong is a limited company organized under the laws of China with its principal place of business at Room 101, 1st Floor, Building Mengdonghe Industrial Park, Yongshun Economic Development Zone Lingxi Town, Yongshun County Xiangxi Tujia and Miao Autonomous Prefecture, Hunan Province, China.

COMPLAINT
CASE NO. 2:26-cv-133

7

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014

23. Plaintiff AlwaysDryGear is a limited company organized under the laws of China with its principal place of business at Unit 2, Phase 3, Royal Waterfront, Taizhou City 225400, Jiangsu Province, China.

24. On information and belief, Defendant Divevolk is a company organized under the laws of China with its principal place of business at 8418, 4th Floor, Building 1, No. 338 Shizimen Ave Zhuhai, 519000 China.

25. On information and belief, Defendant Songdong Liu is a company organized under the laws of China with its principal place of business at Rm 202 Unit 2, Bldg 5, Phase 3, Xinjiapo Garden, No. 288 Xianghua Road, Xiangzhou District, Zhuhai, Guandong 519000, China.

26. On information and belief, Defendants distribute and sell diving equipment, including diving waterproof case, in this judicial district, including through Amazon.com.

**JURISDICTION AND VENUE**

27. This action is brought under, and subject matter jurisdiction of this matter is vested in this Court through, 28 U.S.C. § 1331 (Federal Question Jurisdiction), and 1338 (action arising under an Act of Congress relating to patents). This action is also brought under the patent laws of the United States, Title 35 of the United States Code (35 U.S.C. § 1, et seq.), Federal Unfair Competition under Section 43 of the Lanham Act (15 U.S.C. § 1125), and under the Federal Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

28. Jurisdiction is proper as the claim arises under federal law and Defendant, being an entity with its domicile and primary place of business in China, is not subject to any state court's general jurisdiction.

29. Exercising jurisdiction over Defendant is consistent with the United States Constitution and laws because Defendant knowingly enforces its U.S. patent rights in the United States and actively participates in patent enforcement procedures through Amazon within the United States, which is located in the state of Washington and in this judicial district. Thus,

COMPLAINT
CASE NO. 2:26-cv-133

8

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014

Defendant purposefully directs activities at the forum state Washington; and these activities materially relate to the enforcement and defense of Defendants' patent. pacp

30. The place of Plaintiffs' injury as a result of Defendants' unlawful use of Amazon and imposition of the Apex procedure is Washington state and this judicial district, which are the forum-specific activities of which the Defendant purposefully availed itself in order to injure Plaintiff in both the forum and across the United States.

31. The Court has supplemental jurisdiction over all state and common law claims pursuant to 28 U.S.C. § 1367. State law claims are integrally related to the federal claims and arise from a common nucleus of operative facts.

32. Venue is proper in this action under 28 U.S.C. § 1391 because Defendant conducts business within the state of Washington by way of its purposeful availment of policies, procedures, and injunctive-like activities taken through Amazon, which is a resident of this District. Further, because a substantial part of the harm from the events or omissions giving rise to the claims occurred in this District venue herein is also proper.

## COUNT I:

### Declaratory Judgment of Non-Infringement of the '628 Patent

33. Plaintiffs hereby reallege and incorporate all previously recited paragraphs *supra* as if fully set forth herein.

34. Defendant has alleged expressly and/or by implication, that the Plaintiff Products have infringed and/or are infringing the '628 Patent by making, using, or offering for sale, selling, and/or importing the Accused Products in the United States.

35. Claims 1 is the only independent claim of the '628 Patent.

36. However, none of the Accused Products infringe Claim 1 of the '628 Patent, either literally or under the doctrine of equivalents, because their designs do not incorporate an air clearance structure or a charging/discharging device. In contrast, during use of the Accused

COMPLAINT
CASE NO. 2:26-cv-133                                9

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014

Products the touch screen of the electronic device is in close contact with the sealed chamber interlayer, and no connection to a charging/discharging device is required during operation.

| The '628 Patent | The Accused Products |
|---|---|
| Fig. 1 and Fig. 2 diagrams | Photograph of accused product |

Because the product does not incorporate an air clearance structure or a charging/discharging device.

37. Accordingly, Plaintiffs have not infringed, do not infringe, and will not infringe any valid and enforceable claim of the '628 Patent, either directly or indirectly, including by inducement or contributory infringement.

38. Plaintiffs are entitled to a declaratory judgment that the Plaintiff Products cannot infringe the D093 Patent either literally or under the doctrine of equivalents.

39. Plaintiffs are entitled to such declaratory relief pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., in the form of a judgment, that Plaintiffs' products have not infringed and are not infringing upon any valid claim of the '628 Patent, have not

COMPLAINT
CASE NO. 2:26-cv-133                    10

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014

contributed to and are not contributing to infringement of the any claim of the '628 Patent, and have not induced and are not inducing infringement upon any claim of the '628 Patent. Such a determination is appropriate at this time.

## COUNT II:

## Patent Misuse

40. Plaintiffs hereby reallege and incorporate all previously recited paragraphs *supra* as if fully set forth herein.

41. Defendants misused its patent rights by threatening to prevent Plaintiffs from selling the non-infringing Products on Amazon.com based upon the non-infringed '628 Patent.

42. Defendants misused its '628 Patent by alleging patent infringement by Plaintiffs to Amazon while knowing that the '628 Patent is not infringed. Defendants' actions involving the '628 Patent to restrain Plaintiffs' freedom of competition using an illegitimate patent right constitutes a *per se* violation of the antitrust laws.

43. Plaintiffs' businesses have been an continue to be injured because of the Defendants' patent misuse. Defendants' unlawful use of the '628 Patent, either alone, or in concert with any other party, such as Amazon, has diminished Plaintiffs' abilities to make sales of its non-infringing lawful products.

44. Amazon's removal of Plaintiffs' listings and the threat of possible deactivation of Plaintiffs' Amazon Seller Account and destruction of product have caused, and continue to cause, Plaintiffs to lose substantial sales and impose irreparable harm in terms of lost sales of the Products to competitors or consumer dissatisfaction with being unable to obtain the same when they were available prior to Defendants' reckless bad acts.

45. As a result of Defendants' willful misuse of the '628 Patent, each Plaintiff is entitled to recover threefold the damages it has sustained, and the cost of this lawsuit, including a reasonable attorney's fee.

COMPLAINT
CASE NO. 2:26-cv-133

11

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014

## COUNT III:

### Common Law Tortious Interference with Contractual Relations

46. Plaintiffs hereby reallege and incorporate all previously recited paragraphs *supra* as if fully set forth herein.

47. Transy has a valid and existing contract with Amazon to sell their products at issue listed under ASIN B0FF4TDMGS, B0FSQ3SSSMC, and B0FF4RQYPL through Amazon.com.

48. Ruihong has a valid and existing contract with Amazon in order to sell their products at issue listed under ASINs B0FSJ1SY58, B0FSJL3KML, B0G1M8T8N2, and B0FFH1456S through Amazon.com.

49. Yong has a valid and existing contract with Amazon in order to sell their products at issue listed under ASIN B0FFH1456S through Amazon.com.

50. AlwaysDryGear has a valid and existing contract with Amazon in order to sell their products at issue listed under ASIN B0FS71B682 through Amazon.com.

51. Plaintiffs are informed and believe, and on that basis allege, that Defendants knew or should have known as an Amazon seller itself that the availability of Transy's ASINs on Amazon.com must have required Transy to have had one or more contractual relationships with Amazon.

52. Plaintiffs are informed and believe, and on that basis allege, that Defendants knew or should have known as an Amazon seller itself that the availability of Ruihong's ASINs on Amazon.com must have required Transy to have had one or more contractual relationships with Amazon.

53. Plaintiffs are informed and believe, and on that basis allege, that Defendants knew or should have known as an Amazon seller itself that the availability of Yong's ASINs on Amazon.com must have required Transy to have had one or more contractual relationships with Amazon.

COMPLAINT
CASE NO. 2:26-cv-133

12

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014

54. Plaintiffs are informed and believe, and on that basis allege, that Defendants knew or should have known as an Amazon seller itself that the availability of AlwaysDryGear's ASINs on Amazon.com must have required Transy to have had one or more contractual relationships with Amazon.

55. Plaintiffs are informed and believe, and on that basis allege, that Defendants intentionally interfered with Transy's contractual relationships and furthermore knowingly and intentionally asserted materially false allegations of patent infringement against Transy to have Transy's ASINS and products associated therewith to be removed and eliminate Transy's lawful competition via Amazon.com.

56. Plaintiffs are informed and believe, and on that basis allege, that Defendants intentionally interfered with Ruihong's contractual relationships and furthermore knowingly and intentionally asserted materially false allegations of patent infringement against Ruihong to have Ruihong's ASINS and products associated therewith to be removed and eliminate Ruihong's lawful competition via Amazon.com.

57. Plaintiffs are informed and believe, and on that basis allege, that Defendants intentionally interfered with Yong's contractual relationships and furthermore knowingly and intentionally asserted materially false allegations of patent infringement against Yong to have Yong's ASINS and products associated therewith to be removed and eliminate Yong's lawful competition via Amazon.com.

58. Plaintiffs are informed and believe, and on that basis allege, that Defendants intentionally interfered with AlwaysDryGear's contractual relationships and furthermore knowingly and intentionally asserted materially false allegations of patent infringement against AlwaysDryGear to have AlwaysDryGear's ASINS and products associated therewith to be removed and eliminate AlwaysDryGear's lawful competition via Amazon.com.

COMPLAINT
CASE NO. 2:26-cv-133

13

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014

59. As a result of Defendants' improper acts, each Plaintiff's product listings were removed from Amazon.

60. Defendants continue its efforts to harm Plaintiffs through its frivolous and spurious infringement complaints against Plaintiffs by claiming their Plaintiff Products infringed upon the claim of the '628 Patent despite knowing that the '628 Patent was invalid and/or not infringed.

61. Plaintiffs have suffered direct, proximate and foreseeable damages and continue to suffer direct, proximate and foreseeable damages.

62. Defendants' efforts to have Plaintiffs' Products delisted through improper means was and is unlawful, fraudulent and based on fraudulent activity before a Federal agency.

63. By reason of Defendants' acts, Plaintiffs are entitled to equitable remedies and damages in an amount to be proven at trial.

## COUNT IV:

### Intentional Interference with Prospective Economic Advantage

64. Plaintiffs hereby reallege and incorporate all previously recited paragraphs *supra* as if fully set forth herein.

65. Plaintiffs' ongoing business relationship with Amazon included the selling of the Plaintiff Products now delisted because of Defendants' frivolous and spurious infringement complaint; i.e., each of the Accused ASINs.

66. Plaintiffs' ongoing business relationship with Amazon includes the current sale of Plaintiff Products which Defendant claims are infringing the non-infringed and invalid the '628 Patent.

67. Defendants had and continues to have full knowledge of the ongoing relationships and prospective future business arrangements between Plaintiffs and Amazon regarding Plaintiffs' Products.

COMPLAINT
CASE NO. 2:26-cv-133

14

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014

68. Defendants intentionally and knowingly made fraudulent assertions of patent infringement, which ultimately caused Amazon to remove the Accused ASINS, thus denying the future and ongoing business relationship between Plaintiffs and Amazon.

69. Defendants knew that the removal of the Accused Products listings via delisting of the Accused ASINs would harm Plaintiffs' business, respectively, and would benefit Defendants due to it having less competition.

70. Defendant intended to harm Transy by fraudulently convincing Amazon to remove Transy's ASINs and the products associated therewith.

71. Defendant intended to harm Ruihong by fraudulently convincing Amazon to remove Ruihong's ASINs and the products associated therewith.

72. Defendant intended to harm Yong by fraudulently convincing Amazon to remove Yong's ASINs and the products associated therewith.

73. Defendant intended to harm AlwaysDryGear by fraudulently convincing Amazon to remove AlwaysDryGear's ASINs and the products associated therewith.

74. Defendants' use of Amazon to delist Plaintiffs' Products constituted willful and fraudulent efforts to harm Plaintiffs, diminish Plaintiffs' Amazon sales, rankings, review, reputation, goodwill, and standing in the market.

75. Defendants know or should have known as an Amazon seller itself that the removal of the Accused Products listings would harm Plaintiffs' businesses and would benefit Defendants due to it having less competition.

76. Defendant intended to harm Plaintiffs by fraudulently initiating infringement complaints with Amazon against Plaintiffs in the effort to convince Amazon to remove the Accused ASINs.

77. Defendant has no privilege or justification in interfering with Plaintiffs' relationships with Amazon.

COMPLAINT
CASE NO. 2:26-cv-133

15

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014

78. As a result of Defendants' interference with Plaintiffs' ongoing and future relationship with Amazon, each Plaintiff has each incurred damages and will continue to incur damages.

79. The damages to Plaintiffs because of Defendants' frivolous complaint using the invalid and non-infringed '628 Patent will result in the incurring removal fees, transport fees, and fees associated with transportation of the delisted products.

80. The delisting of the Accused ASINs would result in an immediate and ongoing detrimental impact on Plaintiffs' ability to conduct business, remain profitable, and damage each of Plaintiffs' Products' rankings and reviews, loss of each Plaintiffs' goodwill and reputation on the Amazon marketplace. The damage to Plaintiffs should their products continue to be delisted as a result of Defendants' frivolous complaints based on the invalid and non-infringed '628 Patent is incalculable and irreparable.

81. By reason of the foregoing, Plaintiffs have suffered direct, proximate and foreseeable damages in an amount to be proven at trial.

## COUNT V:

## Unjust Enrichment

82. Plaintiffs hereby reallege and incorporate all previously recited paragraphs *supra* as if fully set forth herein.

83. As a result of Defendants' actions as stated herein Defendants have been unjustly enriched and, at the same time, are causing a loss of revenue to Transy to Transy's detriment.

84. As a result of Defendants' actions as stated herein Defendants have been unjustly enriched and, at the same time, are causing a loss of revenue to Ruihong to Ruihong's detriment.

85. As a result of Defendants' actions as stated herein Defendants have been unjustly enriched and, at the same time, are causing a loss of revenue to Yong to Yong's detriment.
COMPLAINT
CASE NO. 2:26-cv-133

16

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014

86. As a result of Defendants' actions as stated herein Defendants have been unjustly enriched and, at the same time, are causing a loss of revenue to AlwaysDryGear to AlwaysDryGear's detriment.

87. Defendant is currently engaged in efforts to further damage Plaintiffs by fraudulently asserting infringement claims against each of them using the invalid and/or non-infringed '628 Patent to reduce their ability to compete with Defendants on the Amazon marketplace and elsewhere online.

88. Defendants have accepted and retained the benefit of the unjust enrichment from its wrongful conduct.

89. There is no express, written contract between Plaintiffs and Defendants that would allow for Defendants to retain the benefit of the unjust enrichment from its wrongful conduct as described herein.

90. Each Plaintiff is entitled to recover from the Defendants its unjust enrichment including gains, profits, and advantages it has obtained because of Defendants' wrongful conduct. Each Plaintiff is at present unable to ascertain the full extent of the gains, profits, and advantages Defendants has obtained by reason of Defendants' wrongful conduct.

91. By reason of the foregoing, Each Plaintiff seeks damages based on Defendants' unjust enrichment in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, each Plaintiff prays for judgment to be entered in its favor against Defendants as follows:

1. A judgment in favor of each Plaintiff against Defendants on all claims.

COMPLAINT
CASE NO. 2:26-cv-133

17

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014

2. Declaring that each of Plaintiff Transy's products do not infringe the '628 Patent either literally or under the doctrine of equivalents;

3. Declaring that each of Plaintiff Ruihong products do not infringe the '628 Patent either literally or under the doctrine of equivalents;

4. Declaring that each of Plaintiff Yong's products do not infringe the '628 Patent either literally or under the doctrine of equivalents;

5. Declaring that each of Plaintiff AlwaysDryGear's products do not infringe the '628 Patent either literally or under the doctrine of equivalents;

6. Declaring that Defendants have engaged in patent misuse by causing Amazon to remove the Accused Products on the basis of a non-infringed '628 Patent;

7. Awarding Plaintiffs their reasonable attorneys' fees and costs, including costs for experts, pursuant to State and Federal law, including 35 U.S.C. § 285.

8. Judgment that this case is exceptional and that the Defendant be ordered to pay all Plaintiffs' attorneys' fees associated with this action pursuant to 35 U.S.C. § 285.

9. Order by this Court that Defendants must immediately revoke any complaints of infringement of the '628 Patent made to Amazon.com with respect to each Plaintiff.

10. Enjoining Defendants temporarily, preliminarily, and permanently from making any future complaint regarding the '628 Patent against Plaintiffs and Plaintiffs' products and associated ASINs.

11. Ordering Defendants to return to the Court with proof of compliance of this Order within seven (7) days of entry thereof, with a copy served on Plaintiffs' attorney.

12. Awarding each Plaintiff damages due to Defendants' improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

13. Awarding to each Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

COMPLAINT
CASE NO. 2:26-cv-133

18

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014

14. Awarding to each Plaintiff exemplary, punitive, statutory, and enhanced damages.

15. Awarding pre- and post- judgment interest.

16. Awarding each Plaintiff such other and further relief as this Court deems is just and proper.

Dated: January 15, 2026

By /s/

Tim J. Billick, WSBA No. 46690
Practus LLP
E-mail: tim.billick@practus.com
600 First Ave, Ste.102
Seattle, WA 98104
Ph. 206-844-6539

Joseph A. Farco
(Pro Hac Vice Motion To Be Filed)
BOCHNER PLLC
1040 6th Avenue, 15th Floor
New York, NY 10018
Tele. No.: 646-971-0685
JFarco@bochner.law

*Attorneys for Shenzhen Tongmingkai Technology Co., Ltd., Lingshanruihongwangluokejiyouxiangongsi, Yong Shun Xian Zhan Wo Shang Mao You Xian Gong Si, and Jiangsu Yuechuang Project Management Co., Ltd.*

COMPLAINT
CASE NO. 2:26-cv-133

19

Practus LLP
11300 Tomahawk Creek Pkwy, Ste. 310 Leawood, KS 66211
Ph. (240) 206-60627
Fax. (626)-466-9014